**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

TIMOTHY JENKINS,
*Defendant-Appellant.*

No. 01-4340

Appeal from the United States District Court
for the Southern District of West Virginia, at Parkersburg.
Joseph Robert Goodwin, District Judge.
(CR-00-254)

Submitted: September 18, 2001

Decided: October 9, 2001

Before WILLIAMS and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Mary Lou Newberger, Acting Federal Public Defender, Edward H.
Weis, First Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Steven
I. Loew, Assistant United States Attorney, Charleston, West Virginia,
for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

## OPINION

PER CURIAM:

Timothy Jenkins pled guilty to aiding and abetting the theft of fire-
arms from a federally licensed firearms dealer in violation of 18
U.S.C.A. § 922(u) (West 2000). He appeals the sentence of twenty-
four months imprisonment imposed by the district court, contending
that the district court clearly erred in refusing to award him a two-
level adjustment for having a minor role in the offense. *U.S. Sentenc-
ing Guidelines Manual* § 3B1.2(b) (2000). We affirm.

Steven Wells and Justin Stukey, friends of Jenkins, suggested bur-
glarizing Parks Hardware in Parkersburg, West Virginia, the day
before they broke into the store. Jenkins reportedly discouraged the
idea. In the early hours of October 10, 2000, Jenkins drove Wells,
Stukey, and another friend, Gilbert Carpenter, to a location near the
store, where Stukey and Wells got out. According to Jenkins, they
were all using methamphetamine and he believed Stukey and Wells
were going to obtain more of the drug. When they returned, they told
Jenkins they had broken into the hardware store and asked Jenkins to
drive to the store so they could complete the theft. He complied.
Wells and Stukey then removed approximately twenty-one firearms
from the store and put them in Jenkins's car. Jenkins drove to his sis-
ter's house, where the weapons were divided. According to Wells, he
and Stukey each took ten firearms, while Jenkins and Carpenter each
received one firearm. At Jenkins' sentencing, the district court
rejected his claim that he had a minor role in the offense.

A "minor participant" under USSG § 3B1.2 is one who is "less cul-
pable than most other participants," but who has enough knowledge
about the offense that he is not a "minimal participant." USSG
§ 3B1.2, cmt. nn. 1, 3. A defendant seeking a minor role adjustment
has the burden of showing, by a preponderance of the evidence, that
he is entitled to it. *United States v. Akinkoye*, 185 F.3d 192, 202 (4th

Cir. 1999), *cert. denied*, 528 U.S. 1177 (2000). The district court's factual determination that a defendant had a minor role is reviewed under the clearly erroneous standard. *United States v. Edwards*, 188 F.3d 230, 238 (4th Cir. 1999), *cert. denied*, 528 U.S. 1130 (2000). The appeals court should consider "the defendant's conduct relative to the other defendants . . . [and] to the elements of conviction . . . [and ask] whether the defendant's conduct is material or essential to committing the offense." *Akinkoye*, 185 F.3d at 202 (internal citations omitted).

As evidence of his minor role, Jenkins points out that he did not help plan the theft, that it could have been committed without the aid of a getaway driver, and that he received only one of the stolen firearms. We cannot say, however, that the district court clearly erred in finding that Jenkins had more than a minor role. He willingly helped the thieves by allowing them to load the stolen firearms into his car. He thus assisted the theft with full knowledge of what the others were doing, and provided material, if not essential, assistance.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*